# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMERO ALFARO BUSTOS, | 1:08-cv-01049-AWI DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| UNITED STATES OF AMERICA, | [Doc. 1] |
| Respondent. | |
| _____/ | |

### BACKGROUND

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On November 1, 2007, Petitioner filed a motion to intervene and issue an order for the appropriate application of 18 U.S.C. § 3624(b)(1)(2), in the United States District Court for the Southern District of California, which was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner contends that the Bureau of Prisons ("BOP") is unlawfully calculating certain "good time credit" that would reduce the length of his sentence. Respondent filed an answer to the petition on December 21, 2007. (Court Doc. 5.) The petition was transferred to this Court on July 22, 2008. (Court Doc. 6.)

As submitted by Respondent in its answer, on March 3, 1997, a federal grand jury in the Central District of California returned an indictment against Petitioner and three codefendants,

1

charging Petitioner with one count of conspiring to distribute methamphetamine (count one) and two counts of possession with intent to distribute methamphetamine (counts three and four).

On December 3, 1997, Petitioner signed a written plea agreement and pled guilty to count one of the indictment.  On March 13, 1998, Petitioner was sentenced to a term of 168 months imprisonment and a five-year period of supervised release.  Petitioner's projected release date is May 9, 2009.

DISCUSSION

A.    Jurisdiction

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.

With respect to jurisdiction over the person, 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  It is sufficient if the custodian is within the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193 (1948), overruled on other grounds in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at 193, citing Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

Review of the petition shows that Petitioner is incarcerated at the Taft Correctional Institution which is within the territorial jurisdiction of this Court.  Accordingly, the Court has jurisdiction over the action.

B.    Subject Matter Jurisdiction and Exhaustion

A prisoner's claim that the BOP is improperly calculating his release date is properly brought under 28 U.S.C. § 2241, so this Court has subject matter jurisdiction over the instant

2

1  petition.  Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).

2       A prisoner is required to exhaust the administrative remedies with the BOP before he can

3  bring a section 2241 petition challenging the conditions of his confinement.  Brown v. Rison, 895

4  F.2d 533, 535 (9th Cir. 1990).  Respondent concedes that the BOP's records demonstrate that

5  Petitioner has complied with the exhaustion requirement.  (Attachments to Memorandum in

6  Support of Petition A-I; Court Doc. 2.)

7  C.      Challenge to Calculation of Good Time Credits

8       The award of good time credits for federal prisoners is governed by 18 U.S.C. §

9  3624(b)(1).  That section states that a prisoner who is serving a sentence of more than one year,

10 but less than life, "may receive up to fifty-four days at the end of each year of the prisoner's term

11 of imprisonment, beginning at the end of the first year of the term," subject to the BOP's

12 determination that "during that year, the prisoner has displayed exemplary compliance with

13 institutional disciplinary regulations."  18 U.S.C. § 3624(b)(1).

14      The credit toward the prisoner's sentence is calculated at the end of each year.  However,

15 when the prisoner approaches the end of his sentence, the calculation must be made before the

16 end of the year and must be prorated.  Section 3624 specifies that "credit for the last year or

17 portion of a year of the term of imprisonment shall be prorated and credited within the last six

18 weeks of the sentence."  Id.

19      The question that arises in this situation is whether the phrase "term of imprisonment"

20 means the length of the actual sentence that was imposed by the district court or the amount of

21 time that the prisoner actually serves.  The BOP has implemented a regulation that adopts the

22 amount of time actually served by a prisoner as the basis for the proration.  28 C.F.R. § 523.20.

23      Petitioner appears to argue that his good time credits should be based, not on the number

24 of days actually served, but on the number of days to which he is sentenced.

25      The Ninth Circuit Court of Appeals addressed this issue in Mujahid v. Daniels, 413 F.3d

26 991 (9th Cir. 2005).  There, the Court analyzed the BOP's interpretation of the maximum good

27 time credit a federal prisoner can receive under section 3624(b).  The Ninth Circuit determined

28 that its earlier decision in Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001) established

1    that the phrase "term of imprisonment" in § 3624(b)(1) is ambiguous, that the legislative history

2    did not remove that ambiguity, and the BOP regulation is based on a permissible construction of

3    the statute. Mujahid, 413 F.3d at 999.  Specifically, the Ninth Circuit concluded that the BOP's

4    interpretation of "term of imprisonment" as "time served" was reasonable. Mujahid, at 997

5    (citing Pacheco-Camacho, at 1271.)  In Pacheco-Camacho, the Ninth Circuit reasoned that "[t]his

6    interpretation comports with the statutory language of section 3624(b), and does not subvert the

7    statutory design.  It establishes an effective and fair prorating scheme, enabling inmates to

8    calculate with reasonable certainty the end of their imprisonment, while preventing certain

9    prisoners from receiving disproportionate good time credits merely because their sentence

10   happens to equal a year and a day." Pacheco-Camacho, at 1270-71.

11          Here, as Respondent submits, Petitioner has been in custody since February 26, 1997, and

12   every year, on February 25th, he receives 54 days of good time credit toward his sentence.

13   (Exhibit A, to Answer.)  Thus, if Petitioner continues to behave in a satisfactory manner, he will

14   continue to receive 54 days of good time credit toward his sentence up to February 25, 2009.

15   (Id.)  Then, at that point, Petitioner will have less than one year to serve on his sentence, and he

16   will receive a prorated portion of time based on a rate of 0.148 days credit per day he serves in

17   custody.  (Id.)  The prorated calculation will provide Petitioner an additional 10 days of good

18   time credit, which yields a projected release date of May 9, 2009.  (Id.)  If Petitioner receives all

19   of the good time credit, his total time in custody will be 12 years, two months, and 14 days, on a

20   14-year sentence.  Therefore, applying the rationale set forth by the Ninth Circuit in Pacheco-

21   Camacho and reinforced in Mujahid, Petitioner's claim that his good time credits should be

22   based on the number of days to which he was sentenced, and not the number of days actually

23   served, must be DENIED.

                              RECOMMENDATION

24          Based on the foregoing, it is HEREBY RECOMMENDED that:

25   1.      The instant petition for writ of habeas corpus be DENIED; and,

26   2.      Judgment be entered in favor of Respondent.

27          These Findings and Recommendations are submitted to the assigned United States

28

                                        4

District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

        IT IS SO ORDERED.

**Dated:    September 11, 2008**                          **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE